IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TEARENEI NICHOLE MOORE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:20-CV-98-Z |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE,
OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

Before the Court is the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* filed April 17, 2020 by petitioner TEARENEI NICHOLE MOORE.  [ECF 2].  For the reasons set forth below, petitioner's motion should be DENIED.

I.
PROCEDURAL HISTORY

On February 25, 2019, agents executed a narcotics search warrant at petitioner's residential address in Potter County, Texas.  After breaching the residence, agents encountered petitioner in a bathroom attempting to flush a substantial amount of methamphetamine down the toilet.  A search of petitioner's bedroom closet revealed a second bag containing a large amount of methamphetamine.[1]  Agents located a semi-automatic pistol underneath the bed in petitioner's bedroom.  [ECF 20 at 2-3; 30-1 at 3-4].

On February 28, 2019, petitioner was charged in a two-count Indictment with the felony offenses of (1) Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §

---

[1] The methamphetamine had a total weight of 172.33 grams of d-methamphetamine hydrochloride "Ice."  [ECF 30-1 at 4].

841(a)(1), (b)(1)(C); and (2) Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A).[2] *United States v. Moore*, 2:19-CR-42(01) [ECF 10].

On April 11, 2019, petitioner signed a written Plea Agreement wherein she agreed to plead guilty to Count Two charging petitioner with Possession of a Firearm in Furtherance of a Drug Trafficking Crime in exchange for the Government's agreement to dismiss Count One (the drug possession offense) at the time of sentencing. [ECF 19]. In the Plea Agreement, petitioner also waived her right to appeal her conviction and sentence, or to contest her conviction and sentence in a collateral proceeding under 28 U.S.C. § 2255 except as to any challenge to the voluntariness of the guilty plea and waiver, or as to any claims of ineffective assistance of counsel. [*Id*. at 6]. On May 14, 2019, petitioner, pursuant to the Plea Agreement, pleaded guilty to Count Two of the Indictment charging petitioner with Possession of a Firearm in Furtherance of a Drug Trafficking Crime. [ECF 19, 23, 45].

A Presentence Investigation Report (PSR) prepared for this case on July 16, 2019 noted petitioner's conviction for a violation of 18 USC § 924(c), Possession of a Firearm in Furtherance of a Drug Trafficking Crime, statutorily required a minimum term of imprisonment of 60 months to be served consecutive to any other sentence imposed. The guideline sentence was thus the minimum term of imprisonment required by statute and adjustments did not apply, thereby resulting in a guideline "range" of imprisonment of 60 months. The PSR noted that had petitioner, instead, been convicted of Possession with Intent to Distribute Methamphetamine in Count One, her guideline imprisonment range would have been 97 to 121 months with a statutory maximum combined fine of $1,250,000. The PSR note that if petitioner had been convicted of both counts, any sentence assessed for Count One would have been served consecutive to the 60-month sentence for Count Two. The PSR did not contain any reference to or discussion of the alternative and separate offense under 18 U.S.C. § 924(c)(1)(A),

---

[2]Section 18 U.S.C. § 924(c)(1)(A) alternatively provides that it is a federal criminal offense for an individual to knowingly possess a firearm in furtherance of a "crime of violence" as defined under subsection 924(c)(3). Petitioner, however, was not charged with such an offense; rather, she was only charged under subsection 924(c)(1)(A) with the offense of possessing a firearm in furtherance of a "drug trafficking crime" as defined under subsection 924(c)(2).

*i.e.*, possession of a firearm in furtherance of a "crime of violence," because petitioner was not charged with such an offense. [ECF 30-1].

At the sentencing hearing held September 10, 2019, the United States District Judge sentenced petitioner to a 60-month term of imprisonment for Possession of a Firearm in Furtherance of a Drug Trafficking Crime charged under Count Two. [ECF 36, 46]. The Court also granted the Government's motion to dismiss the possession with intent to distribute offense in Count One of the Indictment. On September 11, 2019, the District Judge entered a corresponding Judgment. [ECF 39].

Petitioner, through counsel, initiated a timely appeal of her conviction and sentence to the United States Court of Appeals for the Fifth Circuit. [ECF 41]. However, petitioner, again through counsel, subsequently moved to dismiss the appeal indicating she "no longer desire[d] to appeal from [the] judgment" based '[o]n counsel's advice." [ECF 41, 47].

On April 12, 2020, petitioner purportedly placed the instant *pro se* motion to vacate in the prison mailing system, such motion being received and filed of record on April 17, 2020 and this civil proceeding opened. *Moore v. United States*, No. 2:20-CV-98 [ECF 2]. On June 1, 2020, the Government filed a response opposing petitioner's motion. [ECF 5]. On June 25, 2020, petitioner filed a reply to the Government's response. [ECF 6].

## II.
## PETITIONER'S ALLEGATION/ REQUEST FOR RELIEF

By her motion, petitioner appears to argue her conviction of, and 60-month sentence assessed for, the offense of Possession of a Firearm in Furtherance of a Drug Trafficking Crime under 18 U.S.C. § 924(c)(1)(A) is unconstitutional in light of the United States Supreme Court's ruling in *United States v. Davis*, 139 S.Ct. 2319 (June 24, 2019). Petitioner also appears to argue her conviction of the firearm offense should be vacated due to the denial of her right to effective assistance of counsel in the underlying criminal proceeding because counsel failed to "raise the *Davis* defense." Petitioner asserts that had counsel raised the *Davis* defense to the 924(c) charge, "only the drug trafficking charge [the

possession with intent to distribute methamphetamine offense] would've held."³ As relief, petitioner seeks to have her "conviction [of the firearm offense] overturned."⁴  [ECF 4-5].

III.
INAPPLICABILITY OF *DAVIS*

In *United States v. Davis*, 139 S.Ct. 2319 (2019), the case upon which petitioner relies to assert her conviction is unconstitutional, the United States Supreme Court held the "residual clause" definition of the term "crime of violence" found in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague.  Here, petitioner was not charged with any criminal firearm offense during and in relation to or in furtherance of a "crime of violence."  Nor was petitioner convicted of, or sentenced for, any offense in relation to any "crime of violence."  Petitioner's conviction of, and sentence for, the offense of Possession of a Firearm in Furtherance of a Drug Trafficking Crime was predicated on a "drug trafficking crime," not a "crime of violence."  Petitioner's section 924(c) offense did not, in any way, invoke the definition of "crime of violence" set forth in the residual clause of 18 U.S.C. § 924(c)(3)(B). Petitioner's reliance on *Davis* in arguing her conviction and/or sentence is unconstitutional is misplaced.  The holding in *Davis* is not applicable to petitioner's case and does not provide her relief.⁵

Petitioner's claim that counsel was ineffective for failing to assert a "*Davis* defense" is also

---

³In her reply, petitioner appears to assert additional bases of ineffective assistance of counsel, to-wit:  (1) wrongfully advising petitioner to plead guilty to the possession of a firearm in furtherance of a drug trafficking crime offense – an offense petitioner contends the Government could not have proven because she possessed the gun only to protect herself and her children, not to further her drug trafficking; and (2) for "allowing an [unidentified] erroneous guideline enhancement due to the 924(c) charge."  In the April 20, 2020 *Order to Show Cause, Notice and Instructions to Parties*, the Court advised that <u>"[u]der no circumstances will any statement or argument set forth in a reply be considered as advancing new grounds for relief or supplementing any ground or supporting facts set out in the motion to vacate."</u>  [ECF 3 at 2].  Consequently, the undersigned will not address these new bases for relief.

⁴In her reply, petitioner states she is seeking to have the firearm possession conviction vacated and the case remanded for re-sentencing on the "drug trafficking crime" – the dismissed possession with intent to distribute methamphetamine offense alleged in Count One (which presumably would have had a guideline sentencing range of 97 to 121 months as opposed to the 60-month guideline sentence for the firearm possession offense).

⁵Respondent also argues petitioner's claim is waived by the valid collateral review waiver contained in the Plea Agreement (referenced in the Procedural History section, *infra*), and that the claim is procedurally defaulted as a result of petitioner's failure to raise said claim on direct appeal, citing *Brown v. United States*, 480 F.2d 1036, 1038 (5ᵗʰ Cir. 1973).  Although respondent's arguments appear to have merit, the undersigned has not addressed such arguments, instead relying simply on the finding that petitioner's claim is meritless.

without merit and fails to provide petitioner relief. Such a "defense" was clearly inapplicable to petitioner's charges and counsel was not ineffective for failing to assert such a "defense" on petitioner's behalf. *Cf. Nelson v. Davis*, 952 F.3d 651, 679 (5th Cir. 2020) (counsel's failure to raise a meritless argument does not constitute ineffective assistance of counsel because the result would not have been different if counsel had, in fact, raised the meritless argument).

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* [ECF 2] filed by petitioner TEARENEI NICHOLE MOORE be DENIED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file marked copy of the Findings, Conclusions and Recommendation to petitioner and to each attorney of record by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED June 29, 2020.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).

HAB55\FCR\MOORE-98.DNY-DAVIS:2